**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| HELEN FAYE GERALD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:07-1119-CMC-BM |
| | ) | |
| v. | ) | |
| | ) | |
| SIEMENS DIESEL SYSTEMS TECH, AND EXECUTIVE STAFFING SERVICE, | ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.. Plaintiff is a former employee of the Defendant Siemens Diesel Systems. Pursuant to the amended scheduling order filed in this case, discovery was to have been completed by January 4, 2008.

On December 20, 2007, the Defendants filed a motion to dismiss this case for lack of prosecution. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 27, 2007, advising Plaintiff of the importance of a dispostive motion and the need for her to file an adequate response. Plaintiff was specifically advised that if she failed to respond adequately, the Defendants' motion may be granted, thereby ending her case.

Plaintiff filed a response in opposition to the Defendants' motion on January 22,

1



2008. Defendants' motion is now before the Court for disposition.[1]

## Background

Defendants assert in their motion that, pursuant to the original scheduling order filed in this case, Plaintiff was mailed Defendants' first requests for production on August 22, 2007. Defendants' Exhibit A. Plaintiff was required to respond to Defendants' first requests for production by on or before September 24, 2007; however, Defendants represent to the Court that Plaintiff did not produce any responsive documents, nor did she request an extension of time in which to do so. Defendants further assert that they mailed expert witness and other disclosures to the Plaintiff on October 3, 2007, and mailed Plaintiff a notice of deposition on October 17, 2007, but that both of these mailings were returned to defense counsel's office marked "return to sender - attempted - not known - unable to forward". See Defendants' Exhibits B & C.

The docket of this case reflects that Plaintiff filed a notice of change of address with the Court on October 24, 2007, and after receiving this notice the Defendants obtained an extension of the discovery deadline until January 4, 2008. Defendants thereafter mailed another notice of deposition to the Plaintiff at her updated address on December 7, 2007, requiring Plaintiff to appear for her deposition on December 17, 2007. See Defendants' Exhibit D. Defense counsel represents to the Court that Plaintiff never gave notice that she would be late or unavailable on the scheduled date, but that she failed to appear for her deposition. See Defendants' Exhibit E. Defendants further assert in their motion that, as of the date of the filing of the motion to dismiss (December 20, 2007),

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



neither Defendant had had any further contact from the Plaintiff.

Finally, Defendants assert that Plaintiff has not herself served any written discovery, nor has she sought to take any depositions in this case. Defendants argue that Plaintiff's conduct has made it impossible for them to obtain information and evidence to defend themselves in this lawsuit, and that this case should therefore be dismissed for failure to prosecute pursuant to Rule 41(b), Fed.R.Civ.P.

In her response to the Defendants' motion, Plaintiff states that she does not want her case to be dismissed and apologizes for missing her deposition. Plaintiff states that she was out of town at the time and did not have any transportation. Plaintiff also states that the material Defendants have requested in their requests for production was sent by first class mail in December 2007. Finally, Plaintiff states that dismissal of her case because she missed her previously scheduled deposition would be too harsh a penalty for her to pay for this conduct, and asks that another deposition be re-scheduled.

**Discussion**

Rule 41(b), Fed.R.Civ.P., authorizes a Court to dismiss an action for failure to prosecute or for failure to comply with court orders. "There is no doubt that Federal Courts possess the inherent authority to dismiss a case with prejudice . . . " See Link v. Wabash Railroad Co., 370 U.S. 626, reh'g. denied, 371 U.S. 873 (1962); Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991); Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997). Whether to dismiss under Rule 41(b) is a matter for the Court's discretion. See Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978).

The Court of Appeals for the Fourth Circuit has developed a four-prong test to determine whether a Rule 41(b) dismissal is appropriate. The District Court must consider (1) the

3



degree of personal responsibility of the Plaintiff; (2) the amount of prejudice caused the Defendant; (3) the existence of a "drawn-out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of sanctions less drastic than dismissal. Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Tinsley v. Quick & Reilly, Inc., 216 F.R.D. 337, 338 (E.D.Va. 2001); Contreras v. NFN Pettiford, No. 05-3552, 2006 WL 2621866 (D.S.C. Sept. 11, 2006). See also Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of America, 493 U.S. 1084 (1990) [Magistrate judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning]; Mutual Federal Savings and Loan Ass'n v. Richards & Associates, Inc., 872 F.2d 88, 92 (4th Cir. 1989).

Based on the undisputed information and material provided to this Court, Plaintiff clearly meets the first three prongs of this four prong test. The file reflects a drawn-out history of Plaintiff deliberately proceeding in a dilatory fashion, that the Defendants have been prejudiced due to their inability to obtain discovery in this case, and that the Plaintiff is responsible for this situation. Plaintiff has also apparently failed to pursue any discovery on her own behalf, or to effectively prosecute this case in any real sense. Nevertheless, in considering whether sanctions less drastic than a dismissal with prejudice exists, and in light of Plaintiff's pro se status, the undersigned does not find that the severe sanction of dismissal of Plaintiff's case should be imposed at this time. Plaintiff has expressed a willingness to sit for her deposition, and represents to the Court that she has now provided discovery responses to the Defendants.

Therefore, while the Court may want to consider some type of monetary penalty to be imposed sufficient to impress upon the Plaintiff the need for her to cooperate in this litigation and



to comply with the rules of this Court, dismissal of Plaintiff's case is not warranted at this time. Rather, a new deadline should be set for Plaintiff's compliance with discovery in this case and to sit for a deposition. In the event she again fails to do so, dismissal of Plaintiff's case at that time would then be appropriate.  <u>Ballard</u>, 493 U.S. 1084 [magistrate judge's prior explicit warning that a recommendation of dismissal would result from plaintiff failing to obey court orders was proper grounds for the district court to dismiss suit when plaintiff did not comply despite warning].

## **Conclusion**

Based on the foregoing, it is recommended that the Defendants' motion to dismiss this case for lack of prosecution be **denied** at this time.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

February 11, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

